No. 22,087.

JAMES PAROCCA, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS
RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Injuries to Shot-firer in Coal Mine—Negligence Alleged
Not Proven.* The proceedings considered, and *held,* certain findings of
fact and the general verdict were not sustained by evidence. *Held,*
*further,* the plaintiff's admissions and evidence, and certain findings
of fact which were sustained by evidence, required a judgment for
the defendant.

Appeal from Crawford district court; ANDREW J. CURRAN,
judge. Opinion filed April 12, 1919. Reversed.

*W. W. Brown, James W. Reid,* both of Parsons, and *D. H.
Woolley,* of Girard, for the appellant.

*W. J. True, Arthur Fuller,* both of Pittsburg, and *C. A.
McNeill,* of Columbus, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal in-
juries sustained by a shot-firer in a coal mine belonging to the
defendant. The plaintiff recovered, and the defendant ap-
peals.

The negligence charged was that the defendant failed to
provide break-throughs between the rooms of its mine, for use
as passageways by employees, according to a custom prevailing
in the district in which the mine was located. An unperformed
promise of the defendant's pit boss to make break-throughs
was also pleaded. Because there were no break-throughs, the

plaintiff, after firing the shots in a room, was unable to pass directly into the next room, but was obliged to return to the entry. Some of the rooms were driven in as much as 150 feet from the entry. The distance the plaintiff was obliged to travel was thus increased to such an extent that he was unable to complete his work and reach a place of safety before his shots commenced to explode. The plaintiff fired shots in the face of the entry, and then consecutively in rooms 1, 2, 3, 4, and 5, numbered from the face of the entry. On returning to the entry from room 5, he was injured by the explosion of one of the shots in the face of the entry. The jury returned the following findings of fact:

· "1. If you find for the plaintiff herein, state how far from the entry to the face of room No. 1 at the time of the injury. Answer: About twenty-five or thirty feet.

"2. If you find for the plaintiff, state how far from the entry to the face of room No. 5 at the time of the injury. Answer: Thirty or thirty-five feet.

"3. Was there a break-through or crosscut between rooms No. 4 and 5 at the time of the injury? Answer: No.

"4. In the mining field at Mineral, if you find there was any custom or usage to have break-throughs between the rooms in the mine, state how far it was customary to drive a room from the entry before a break-through was required. Answer: Twenty-five to forty feet.

"5. If you find for the plaintiff, state upon what act or acts of negligence you base your verdict. Answer: Failure to provide break-throughs as asked for by plaintiff.

"6. If you find defendant guilty of negligence in failing to have a break-through at any point, state between what rooms you find there was no such break-through, which failure caused plaintiff's injury. Answer: Between rooms 1 and 2, and 4 and 5."

The plaintiff testified that in his conversation with the pit boss about break-throughs, he told the pit boss the break-throughs should be made every forty feet. The state mine inspector was called as a witness for the plaintiff. He testified that break-throughs are made for ventilation, that it is customary for mine employees to use them as passageways, and that they should be made every forty feet. The defendant's superintendent of mines and the defendant's mine foreman testified that the law requires break-throughs every forty feet. There was no other evidence on the subject, the limitation of twenty-five feet inserted by the jury in finding 4 is without

any support, and the defendant rested under no duty to provide break-throughs at intervals of less than forty feet.

The plaintiff testified that there was a break-through between rooms 4 and 5, and that he passed through it in going from room 4 to room 5. There was no evidence to the contrary, and finding 3 is without support.

There was no evidence of any special promise by the pit boss to make a break-through between rooms 1 and 2, and no evidence of any promise to make break-throughs anywhere at shorter intervals than forty feet, the distance which the plaintiff himself suggested. Therefore, the defendant was not negligent in failing to make a break-through between rooms 1 and 2, room 1 being turned in only twenty-five or thirty feet (finding 1).

The result is, there was no foundation for the general verdict. On the contrary, the plaintiff's admissions and evidence, and the findings which were sustained by the evidence, required a judgment for the defendant.

The judgment of the district court is reversed, and the case is remanded. with direction to render judgment for the defendant.